UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL DEAN JARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 25-3705 (UNA) |
| ) | |
| WEST VALLEY CITY POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Rule 8(a) requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). "Rule 8(a) does not require a short and plain *complaint*, but rather a short and plain statement of the claim." *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, No. 09-cv-1281 (ESH), 2009 WL 3163061, at *1 (D.D.C. Sept. 30, 2009) (quoting *Ciralsky*, 355 F.3d at 670) (cleaned up) (emphasis in original). In addition, Rule 8(d) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [these provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky*, 355 F.3d at 668–69 (quoting *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Wright & Miller § 1217, at 169 (2d ed. 1990))).

The instant complaint, notwithstanding its extraordinarily length (ECF No. 1, at 418 pages), fails to set forth a short and plain statement of claim showing plaintiff's entitlement to relief from any defendant. Instead, the complaint only manages to "contain[] an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished

1

from bold conclusions, sharp harangues and personal comments," *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977), rendering it subject to dismissal.  In short, the complaint is "too unwieldy to proceed," *Spence v. U.S. Dep't of Veterans Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), and in its current form "is so confusing that a defendant cannot be expected to frame a response" to it.  *Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (per curiam) (citations omitted).

    An Order is issued separately.

Date: November 24, 2025

TREVOR N. McFADDEN
United States District Judge